**William F. SPEARMAN**

v.

**STERLING STEAMSHIP COM-
PANY, Ltd.**

**Civ. A. No. 19198.**

United States District Court
E. D. Pennsylvania.

March 10, 1959.

288

Avram G. Adler, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Thomas E. Byrne, Jr., Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

EGAN, District Judge.

This case is now before the Court on defendants motions for judgment n. o. v. or in the alternative for a new trial.

Plaintiff, a longshoreman, was injured on July 26, 1954 aboard the defendant's vessel, the S.S. Sterling Victory, while he was in the process of discharging cargo when a wall of bagged clay fell upon him. The case was tried before this Court and a jury which rendered a verdict in favor of plaintiff. Defendant has asserted the various and general reasons in support of its motions which will be discussed below, but in its briefs and oral argument, it is pressing only one, that is, the issue of lack of jurisdiction of the person because the service of process was illegal.

Plaintiff filed his complaint in this action on July 1, 1955 which is approximately one year after the accident. On July 26, 1955 defendant filed notice of the taking of the deposition of plaintiff on August 2, 1955 and it was completed on that date. Thereafter, on October 5, 1956, more than fifteen months after the filing of the complaint, defendant filed its answer and among its defenses raised the defense of lack of jurisdiction over defendant because of improper service of process. Plaintiff has countered, however, by arguing that defendant waived this defense by taking plaintiff's deposition and then waiting more than a year to file an answer in which it raises the jurisdictional defense.

The leading case in this area is Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 1944, 139 F.2d 871, in which Judge Maris stated:

"It necessarily follows that Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. He is no longer required at the door of the federal courthouse to intone that ancient abracadabra of the law, de bene esse, in order by his magic power to enable himself to remain outside even while he steps within. He may now enter openly in full confidence that he will not thereby be giving up any keys to the courthouse door which he possessed before he came in. This, of course, is not to say that such keys must not be used promptly. If the defense of lack of jurisdiction of the person is not raised by motion before answer or in the answer itself it is by the express terms of paragraph (h) of Civil Procedure Rule 12 to be treated as waived, not because of the defendant's voluntary appearance but because of his failure to assert the defense within the time prescribed by

the rules. We conclude that within the time allowed for serving the answer the defendant may assert this defense unless he has waived it by some action other than his voluntary appearance." 139 F.2d at page 874.

However, Judge Maris did not indicate what he meant by "unless he has waived it by some action other than his voluntary appearance," or the expressions, "This, of course, is not to say that such keys must not be used promptly," or "within the time allowed for serving the answer the defendant may assert this defense. * * *"

In Blank v. Bitker, 7 Cir., 1943, 135 F. 2d 962, the defendant received four extensions of time in which to answer and also took the deposition of the plaintiff and then in his answer raised the defense of lack of jurisdiction over the person. The Court held that the defendant had not waived his privilege to assert improper venue but stated that it was not laying down a general rule that a defendant may take depositions before answering without waiving his privilege. It should be noted that in the Blank case, the action was on a transaction that was fifteen years old and the defendant had forgotten about it. Therefore, the Blank case must be considered on the basis of the particular facts involved.

■ Here, the Court is of the opinion that the defendant, by filing notice and taking the depositions of the plaintiff, had taken an affirmative step in this action and therefore placed itself within the jurisdiction of the Court. Another reason for deciding that the defendant has subjected itself to the jurisdiction of the Court is the factor of its delay. Although this defense may be raised in the answer rather than by motion, the Court feels that the defendant has waived this defense by not filing its answer timely. A delay in filing of fifteen months, especially when the statute of limitation's has run, is not, to use the language of Judge Maris, using the keys to the courthouse door promptly. Had the defendant wished to delay in answering, without prejudice to plaintiff by passage of the period of limitation, it could have obtained a stipulation to that effect. The general rule is that in obtaining a stipulation to extend time in which to answer is not a waiver of the defense of lack of jurisdiction of the person. See Bartner v. Debiasse, D.C.E.D.N.Y.1957, 20 F.R.D. 355; Juszczak v. Huber Mfg Co., D.C.W.D.N.Y.1953, 13 F.R.D. 434; Kaufman v. United States, D.C.D.C.1940, 35 F.Supp. 900. We believe the general rule is not applicable here. It would be manifestly unfair in this case to say that the defendant had not waived its defense of lack of jurisdiction of the person after it had taken the deposition of the plaintiff and then waited more than a year until the statute of limitations had run to file an answer stating that it was not properly before the Court.

■ Counsel for defendant has attached to his brief correspondence between themselves and counsel for plaintiff to indicate that they never intended waiving the jurisdictional defense. This correspondence is not a part of the record. Furthermore, it is not the function of the Court to construe correspondence of counsel in order to determine the fairness of their intentions.

It is also argued by defendant that even conceding that it delayed in filing its answer, the plaintiff is estopped to raise this issue since he is in pari delicto for not objecting or moving under F.R.Civ.P. Rule 12(d) or (f), 28 U.S.C. and allowing the case to go to trial. If the question of delay alone were involved in this case, there might be some merit to defendant's argument. But the argument loses its force because of the taking of plaintiff's deposition. Otherwise plaintiff's counsel would be placed in the position of agreeing to permit the statute of limitations to run against his client, a conclusion that is inconceivable.

Although defendant did not press the other points raised on its motions, they will be disposed of here.

■ Plaintiff proceeded on the usual theories of the failure of defendant to provide him with a reasonably safe place

to work and the unseaworthiness of the vessel. These were based on the improper stowage of cargo in England where it originated. Plaintiff's evidence showed that the bagged clay was stowed upon an uneven slanted surface of loose clay without the benefit of dunnage boards underneath to separate the two; further that the bags which were intended to form a wall or bulkhead around the bulk clay were not tied in. Plaintiff's expert testified that this was an improper method of stowing the cargo. There was also testimony that the wall of bags that fell were not struck by any of the drafts that were removing the cargo, thus causing the accident. The jury, by its verdict, showed that it believed plaintiff's evidence.

Improper stowage of cargo is an element of unseaworthiness [1] and there certainly was sufficient evidence in this case to show that the ship was unseaworthy or that the shipowner was negligent in failing to provide a reasonably safe place to work.

In support of its motion for a new trial, defendant has assigned various trial errors relating mainly to the charge to the jury and the affirmance or denial of certain points for charge.

On reading plaintiff's 18th request for charge which stated:

"The defendant's failure to produce the Master as a witness or to take his testimony for this trial justifies the inference that his testimony would be unfavorable to the defendant",

the Court affirmed it as a correct statement of law [2] and said it would be applicable in this case because it is the duty of the master to see that cargo is properly stowed.

The remaining objections relating to the points for charge are without merit. They were adequately and correctly covered in the Court's charge and relate to general principles of maritime law applicable in this case. In refusing defendant's request for charge relating to plaintiff's remedy against the stevedore, his employer, the Court properly kept out an issue which was totally irrelevant in this case.

During the course of the trial, the Court was about to grant defendant's motion for withdrawal of a juror since testimony had been introduced which stated that plaintiff was suing for $100,-000. The Court was about to withdraw a juror and grant a new trial when counsel for defendant withdrew his motion. The Court cautioned the jury several times to disregard the figure that was inadvertently mentioned. Counsel for defendant is not now in a position to complain about it. This is especially true since the jury, by its reasonable verdict, showed that it disregarded the remark.

Therefore, for the reasons stated above, the Court finds that the defendant was properly before the Court and that the evidence and law support the verdict. Defendant's motions will be denied.

---

1. Gindville v. American-Hawaiian S.S. Company, 3 Cir., 1955, 224 F.2d 746.

2. Nowery v. Smith, D.C.E.D.Pa.1946, 69 F.Supp. 755, affirmed, 3 Cir., 161 F.2d 732.