A. TURNER SHAW, JR., ANCILLARY ADMINISTRATOR OF THE ESTATE OF MARCEL M. POLIQUIN, DECEASED v. JOHN E. STILES; A. C. CANADY AND WIFE, MABEL CANADY; LESTER EUGENE ANDERSON AND WIFE, PEGGY ANN ANDERSON; JOHN D. JENKINS AND ROBERT L. MATTOCKS, II, D/B/A JENKINS GAS COMPANY

No. 714SC743

(Filed 15 December 1971)

Venue § 7— motion to remove as matter of right

Where a wrongful death action was instituted in Onslow County against two residents of Onslow County, two residents of Jones County, and one out-of-state resident, and plaintiff submitted to a voluntary dismissal with prejudice as to the residents of Onslow County, the residents of Jones County were not entitled as a matter of right to have the case removed to their home county, since two defendants were residents of Onslow County at the time the action was commenced, no motion was made by any defendant before the time for answering expired that the trial be conducted in another county, and no question of improper venue was asserted in any answer. G.S. 1-82; G.S. 1-83; G.S. 1A-1, Rule 12.

APPEAL by defendants Jenkins and Mattocks from *Copeland, Judge,* at the 4 October 1971 Session of ONSLOW Superior Court.

This civil action to recover for personal injuries sustained by, and the wrongful death of, plaintiff's intestate was commenced in Onslow County by the issuance of summons and filing of complaint on 19 February 1969. Plaintiff ancillary administrator was and is a resident of Onslow County, the domiciliary administratrix of the estate of intestate being a resident of the State of Maine. At all times pertinent to this appeal, the residence of defendants was and is as follows: Stiles, Illinois; Canady and Anderson, Onslow County, N. C.; and Jenkins and Mattocks, Jones County, N. C. The occurrence allegedly injuring and causing the death of plaintiff's intestate took place in Onslow County.

Answers were filed by defendants on the following dates: Jenkins and Mattocks on 28 April 1969; Canady on 29 April 1969; Anderson on 30 April 1969; and Stiles on 10 July 1969. No defendant made motion for removal of the action before filing answer. On 4 October 1971 plaintiff submitted to a voluntary dismissal of the action, with prejudice, as to defendants Canady and Anderson. On 4 October 1971 defendants Jenkins and Mattocks moved that the action be removed to Jones County for trial, contending that there is no longer any real party in interest who is a resident of Onslow County, therefore, Jones County is the proper county of trial of the action.

On 6 October 1971 Judge Copeland entered an order denying the motion to remove, finding as a fact, among other things, that defendants Canady and Anderson were made parties in good faith and were not named as defendants herein "frivolously or as a sham for the purpose of acquiring venue in Onslow County." Defendants Jenkins and Mattocks appealed.

*White, Allen, Hooten & Hines by Thomas J. White III; Warren H. Coolidge, U.S. Attorney, by John R. Whitty; Ward, Tucker, Ward & Smith by David L. Ward, Jr., for plaintiff appellee.*

*Everett L. Wooten, Jr.; Donald P. Brock; Wallace, Langley, Barwick & Llewellyn by R. S. Langley and F. E. Wallace, Jr., for defendant appellants.*

BRITT, Judge.

Absent a motion by plaintiff in this case to dismiss this appeal for that it is not authorized by G.S. 7A-27, (See also

Rule 4 of Rules of Practice in the Court of Appeals of N. C.), we consider on its merits the question presented, namely, did the trial court err in denying the motion of defendants Jenkins and Mattocks to remove the action to Jones County for trial. We hold that the trial court did not err.

G.S. 1-82, applicable to this case, provides in pertinent part: "In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, *reside at its commencement,* or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside; . . . . " (Emphasis ours.) This statute relates to venue as opposed to jurisdiction. *McGovern and Co. v. R. R.,* 180 N.C. 219, 104 S.E. 534 (1920).

G.S. 1-83 provides in pertinent part: "If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, *before the time of answering expires,* demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court." (Emphasis ours.)

G.S. 1A-1, Rule 12(b) provides, in pertinent part, that every defense, in law or fact, to a claim for relief in any pleading shall be asserted in the responsive pleading thereto if one is required, except that at the option of the pleader improper venue or division may be made by motion *but such motion shall be made before pleading* if a further pleading is permitted. Rule 12(h)(1) provides that a defense of improper venue is waived if not made by motion or in responsive pleading as provided in Rule 12.

We do not find it necessary to answer appellants' contention that although plaintiff ancillary administrator is a resident of Onslow County he is not a real party in interest, therefore, not a plaintiff as envisioned by G.S. 1-82. Suffice to say, since defendants Canady and Anderson were residents of Onslow County at the time the action was commenced, and before the time for answering expired no motion was made by any defendant that the trial be conducted in another county, and no question of improper venue or division was asserted in any answer, appellants are not entitled as a matter of right to have the case removed to their home county. G.S. 1-82; G.S. 1-83; G.S. 1A-1, Rule 12.

At the time this action was filed, the new Rules of Civil Procedure were not in effect. However, the action was pending on 1 January 1970, the effective date of the rules, and at that time became subject to the rules. Ch. 803, 1969 Session Laws. It has been well settled in this State for many years that venue is not jurisdictional, but is only ground for removal to the proper county, if objection thereto is made in apt time and in the proper manner. *Nello L. Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 71 S.E. 2d 54 (1952) ; *Casstevens v. Membership Corp.*, 254 N.C. 746, 120 S.E. 2d 94 (1961). We find nothing in the new rules that negates this principle; on the contrary the principle appears to be fully supported by Rule 12.

We concede that in this case had any defendant made a motion to remove within the time provided in the statutes, the move would have been futile. Nevertheless, an interpretation by us of applicable statutes and rules as contended by appellants would amount to judicial amendment of statutes. This we refuse to do as we respect a rightful prerogative of the General Assembly. Appellants cite *Powers v. C. & O. R. R. Co.*, 169 U.S. 93 (1898) in support of their contention. It would appear that the court in that case was dealing with jurisdiction, not venue.

For the reasons stated, the order appealed from is

Affirmed.

Judges BROCK and VAUGHN concur.