MICHAEL JOHNSON v. HAMPTON INDUSTRIES, INC.

No. 8610SC266

(Filed 21 October 1986)

Venue § 1— failure to press motion for change—waiver of right

Defendant's failure to put its motion for change of venue on a hearing calendar until eight months after the case was filed, the hearing date being two months later, was unreasonable and thus a waiver of its right to have the case removed.

APPEAL by defendant from *Brannon, Judge.* Order entered 27 January 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 21 August 1986.

*Donald B. Hunt for plaintiff appellee.*

*Allen, Hooten & Hodges, by John C. Archie, for defendant appellant.*

PHILLIPS, Judge.

Plaintiff, a Lenoir County resident, sued defendant, a North Carolina corporation, for breach of his employment contract and discrimination against the handicapped, and Prudential Insurance Company of America, a foreign corporation doing business in Wake County, for wrongfully interfering with his employment contract. Prudential has since been eliminated from the case by an order of summary judgment. In answering the complaint de-

fendant moved for change of venue to Lenoir County as a matter of right on the ground that none of the parties were residents of Wake County. The motion, not heard until some ten months after it was filed, was denied by Judge Brannon, who concluded that defendant had waived its right to a change of venue by failing to press the motion. The conclusion is based on findings that though the motion could have been heard at numerous sessions of court during the intervening months defendant made no attempt to have it heard before the date that it was heard.

The court's findings of fact are supported by the record and they support the court's conclusion that defendant waived its right to have the venue changed. A defendant's failure to press his motion for change of venue has been held to be a waiver many times. *Miller v. Miller*, 38 N.C. App. 95, 247 S.E. 2d 278 (1978). Since civil cases in this state are ordinarily deemed ready for trial five months after filing, Rule 2(c), General Rules of Practice for the Superior and District Courts, and the motion could have been calendared for hearing at many earlier court sessions, we cannot say that the court erred in concluding that defendant's failure to put its motion on a hearing calendar until eight months after the case was filed, the hearing date being two months later, was unreasonable and thus a waiver of its right to have the case removed.

Affirmed.

Judges ARNOLD and MARTIN concur.