LENDINGTREE, LLC, PLAINTIFF
v.
DAVID N. ANDERSON, DEFENDANT

No. COA12-1266

Filed 6 August 2013

1. **Appeal and Error—interlocutory orders and appeals—venue—immediate appeal of right**

    Defendant had an immediate appeal of right from a venue determination because the right to venue established by statute is substantial. However, a decision regarding a motion to amend did not affect a substantial right.

------

2. **Appeal and Error—interlocutory orders and appeals—venue—standard of review**

A ruling on a motion to change venue will be reviewed on appeal for abuse of discretion. A *de novo* review is applied to whether a party waived an improper venue defense as a matter of law.

3. **Venue—waiver—factors**

A defendant in an action arising from an alleged kickback scheme involving mortgages waived his venue defense because he did not unambiguously raise and press his objection, subsequently participated in litigation, and delayed pursuing his defense for almost three years.

Appeal by defendant from order entered 17 April 2012 by Judge Calvin E. Murphy in the North Carolina Business Court. Heard in the Court of Appeals 13 March 2013.

*K&L Gates LLP, by John H. Culver III and Glenn E. Ketner, III, for plaintiff-appellee.*

*Erwin, Bishop, Capitano & Moss, P.A., by J. Daniel Bishop, for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

David N. Anderson ("Defendant") appeals a trial court order: (i) denying his application for improper venue; (ii) denying his motion to dismiss; and (iii) granting Plaintiff's motion for leave to amend complaint. Upon *de novo* review, we affirm.

## I. Facts & Procedural History

LendingTree, Inc. ("LendingTree") is a licensed, multi-state mortgage broker headquartered in Mecklenburg County. Defendant, a Union County resident, is a former employee of LendingTree.

In early 2007, federal authorities investigated Jarrod Beddingfield, one of Defendant's co-defendants in this action, for violation of federal regulations involving insider trading. As part of the investigation, Beddingfield turned over his bank records and tax returns to LendingTree's legal department. In spring 2008, as LendingTree reviewed these documents, it discovered fee referral arrangements between others, Defendant, and co-defendant Beddingfield.

On 21 April 2008, LendingTree filed a complaint against Defendant, Beddingfield, and others claiming: (i) breach of fiduciary duty; (ii) unauthorized access in violation of the Computer Fraud and Abuse Act; (iii) trafficking in passwords in violation of the Computer Fraud and Abuse Act; (iv) computer trespass; (v) trespass to chattels; (vi) conversion; (vii) unfair and deceptive trade practices; (viii) accounting; and (ix) injunctive relief. The complaint alleged generally the Defendants participated in "kickback" schemes.

On 22 April 2008, Chief Justice Parker designated the action a mandatory complex business case. *See* N.C. Gen. Stat. § 7A-45.4 (2011). On 22 May 2008 Defendant moved for and received an extension of time to file an answer on the basis that counsel needed additional time to investigate the facts so that he could plead his case.

Later, on 11 June 2008, the Business Court entered an order requiring a Joint Case Management Conference ("the Conference") on or before 20 June 2008; and (ii) a Joint Case Management Report ("the Report") within fifteen days of the Conference. *See* N.C. Bus. Ct. R. 17.1. In compliance with the order, the parties held a teleconference on 18 June 2008 and submitted a report on 20 June 2008. The Report, signed by counsel for all parties, stated, "The parties stipulate that venue is proper in this action." However, the Report also noted that "[n]othing in this Report is intended to waive any of the objections or defenses Defendants may raise."[1]

On 26 June 2008, Defendant's counsel applied for a second extension of time to investigate the facts of the case so that he could plead his defenses. Based on the stipulations contained in the Report, on 26 June 2008 Judge Calvin E. Murphy entered an order establishing that "[v]enue is proper in this action." This order appears final and contains none of the limiting language contained in the Report. Nothing in the record indicates any of the parties ever objected to this order, sought its modification or amendment, or have noticed this order for appeal or made it the subject of a writ of certiorari.

On 16 July 2008, Beddingfield moved for a stay of discovery because he "[was] the target in a federal criminal investigation related to the alleged computer or internet-facilitated conduct that gave rise to the instant civil action." Based on the request of the Assistant U.S.

---

1. North Carolina Business Court Rule 17.1(m) states that "[t]he parties' Case Management Meeting should cover . . . [a]n identification of any disputes concerning personal jurisdiction, subject matter jurisdiction, or venue, or a stipulation that no such controversies exist at the time of the Case Management Meeting." N.C. R. Bus. Ct. 17.1(m) (2011).

Attorney in charge of Beddingfield's criminal case, LendingTree did not oppose Beddingfield's motion.

On 23 July 2008, Defendant filed an answer alleging, *inter alia*, improper venue. Defendant's answer specifically stated "[v]enue is improperly laid pursuant to the forum selection provision in Anderson's Employment Agreement." The forum selection clause in Anderson's Employment Agreement states:

> Any and all disputes between the parties which may arise pursuant to this Agreement will be heard and determined solely before an appropriate federal court in Delaware, or, if not maintainable therein, then in an appropriate Delaware state court. The parties acknowledge that such courts have jurisdiction to interpret and enforce the provisions of this Agreement, and the parties consent to, and waive any and all objections that they may have as to, personal jurisdiction and/or venue in such courts.

Based on this forum selection clause, Defendant requested "[d]ismissal of the Complaint and all claims therein as against him." The same day, Defendant noticed depositions of two LendingTree employees. The depositions were scheduled for 5 August 2008. Additionally, Defendant submitted interrogatories and a document request to LendingTree.

On 4 August 2008, the Business Court ordered a stay "until the ongoing criminal investigation of Beddingfield is resolved." It also ordered Beddingfield to file written 60-day updates "as to the status of the federal criminal investigation." Due to the Business Court's stay: (i) the scheduled 5 August 2008 depositions did not occur; and (ii) LendingTree did not respond to Defendant's interrogatories until 7 January 2011.

The discovery stay lasted for over two years until 28 September 2010. During this time, Beddingfield filed timely status updates. On 16 December 2010, LendingTree dismissed its claims against Beddingfield with prejudice.

On 2 February 2011, LendingTree moved to amend its complaint. Specifically, it wanted to: (i) add more facts; (ii) join Anderson's wife (Vivienne Anderson), Keith Brent, and Brent's wife (Christine Brent); and (iii) add additional claims of relief for breach of employment contract, civil conspiracy, and constructive fraud.

On 11 March 2011, Defendant objected to LendingTree's motion to amend and applied for a determination as to his improper venue defense. *See* N.C. R. Civ. P. 12(d). Defendant's application included a

motion to dismiss under North Carolina Rules of Civil Procedure 12(b)
(3) and 12(b)(6). On 24 October 2011, the Business Court held a hear-
ing. On 17 April 2012, the Business Court entered an order: (i) deny-
ing Defendant's motion to dismiss for improper venue; and (ii) granting
LendingTree's motion to amend. On 11 May 2012, Defendant filed timely
notice of appeal to this Court of the court's order of 17 April 2012 only.

## II. Jurisdiction & Standard of Review

**[1]** This Court has jurisdiction to hear Defendant's appeal of the
Business Court's venue determination pursuant to N.C. Gen. Stat.
§ 7A-27(d) (2011). As our Supreme Court has stated, "[a]lthough the ini-
tial question of venue is a procedural one, there can be no doubt that a
right to venue established by statute is a substantial right. Its grant or
denial is immediately appealable." *Gardner v. Gardner*, 300 N.C. 715,
719, 268 S.E.2d 468, 471 (1980) (internal citation omitted). Consequently,
although parties generally have "no right of immediate appeal from
interlocutory orders and judgments[,]" *Goldston v. Am. Motors Corp.*,
326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990), Defendant has an appeal of
right under N.C. Gen. Stat. § 7A-27(d)(1) (2011) because he appeals
from an "interlocutory order or judgment of a superior court or district
court in a civil action or proceeding which . . . [a]ffects a substantial
right[.]" However, we do not have jurisdiction to review the Business
Court's decision granting LendingTree's motion to amend its complaint
since that decision does not affect a substantial right. *See Howard
v. Ocean Trail Convalescent Ctr.*, 68 N.C. App. 495, 496, 315 S.E.2d 97,
99 (1984); *Funderburk v. Justice*, 25 N.C. App. 655, 656–57, 214 S.E.2d
310, 311 (1975). Consequently the part of Defendant's appeal regarding
the order to amend is dismissed.

**[2]** Generally, a trial court's denial of a motion to change venue "will
not be disturbed absent a showing of a manifest abuse of discretion."
*Carolina Forest Ass'n, Inc. v. White*, 198 N.C. App. 1, 10, 678 S.E.2d 725,
732 (2009) (quotation marks and citation omitted). Similarly, we apply
abuse of discretion review to "a trial court's decision concerning clauses
on venue selection." *Gary L. Davis, CPA, P.A. v. Hall*, __ N.C. App. __,
__, 733 S.E.2d 878, 880 (2012) (quotation marks and citation omitted).
 Nonetheless, North Carolina precedent has engaged in a fact-based *de
novo* inquiry into whether a party waives an improper venue defense as
a question of law. *See generally Hawley v. Hobgood*, 174 N.C. App. 606,
622 S.E.2d 117 (2005); *Miller v. Miller*, 38 N.C. App. 95, 247 S.E.2d 278
(1978); *Jones v. Brinson*, 238 N.C. 506, 78 S.E.2d 334 (1953). Therefore,
although we apply abuse of discretion review to general venue deci-
sions, we apply *de novo* review to waiver arguments. *See id.* " 'Under a

*de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen Ltd.*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

### III. Analysis

**[3]** Defendant's appeal hinges on whether the forum selection clause in his Employment Agreement renders North Carolina venue improper. To this effect, Defendant makes three arguments: (i) the Business Court erred by determining he waived his improper venue defense; (ii) the forum selection clause rendered venue improper; and (iii) without proper venue, the Business Court did not have jurisdiction to allow LendingTree to amend its complaint.

Under North Carolina's General Statutes, actions "must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement." N.C. Gen. Stat. § 1-82 (2011). This is a default provision which is applied when the parties have provided no pre-dispute agreement for the place of a trial. However, a contractual forum selection clause can modify this default venue rule. *See Printing Services of Greensboro, Inc. v. Am. Capital Group, Inc.*, 180 N.C. App. 70, 74, 637 S.E.2d 230, 232 (2006). To this effect, our courts clarify that:

> [t]he general rule is when a jurisdiction is specified in a provision of contract, the provision generally will not be enforced as a mandatory selection clause without some further language that indicates the parties' intent to make jurisdiction exclusive. Indeed, mandatory forum selection clauses recognized by our appellate courts have contained words such as 'exclusive' or 'sole' or 'only' which indicate that the contracting parties intended to make jurisdiction exclusive.

*Id.*

As a result, our courts generally enforce mandatory forum selection clauses. *See, e.g., Internet East, Inc. v. Duro Communications, Inc.*, 146 N.C. App. 401, 403, 553 S.E.2d 84, 86 (2001) (enforcing a mandatory forum selection clause where the clause provided: "The parties . . . stipulate that the State courts of North Carolina shall have sole jurisdiction . . . and that venue shall be proper and shall lie exclusively in the Superior Court of Pitt County, North Carolina").

Still, defendants must affirmatively raise a venue objection to enforce a forum selection clause. Specifically, our courts describe that:

[i]f the county designated for [venue] in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.

N.C. Gen. Stat. § 1-83 (2011). When "demand for removal for improper venue is timely and proper, the trial court has no discretion as to removal. The provision in N.C. [Gen. Stat.] § 1-83 that the court 'may change' the place of trial when the county designated is not the proper one has been interpreted to mean 'must change.' " *Miller*, 38 N.C. App. at 97, 247 S.E.2d at 279 (internal citations omitted).

Defendants can assert a venue objection in either: (i) a responsive pleading; or (ii) a motion to dismiss under N.C. R. Civ. P. 12(b)(3). *See* N.C. R. Civ. P. 12(b) ("No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."). If a defendant fails to object "by timely motion or answer the defense is waived." *Simms v. Mason's Stores, Inc.*, 285 N.C. 145, 154, 203 S.E.2d 769, 775 (1974).

Even if defendants properly raise a venue objection, they can impliedly waive the defense through their "actions or conduct." *Id.* at 154, 203 S.E.2d at 775–76; *see also Miller*, 38 N.C. App. at 97, 247 S.E.2d at 279 ("However, since venue is not jurisdictional it may be waived by express or implied consent, and a defendant's failure to press his motion to remove has been found to be a waiver." (internal citation omitted)). Factors indicating waiver include: (i) failure to unambiguously raise and pursue a venue objection; (ii) participation in litigation; and (iii) unnecessary delay. We now address each of these factors in turn.

First, parties must unambiguously raise and press venue objections. *See* 14D Charles A. Wright et al., *Federal Practice and Procedure* § 3826, at 549 (3d ed. 2007) ("Since an objection to venue is a personal privilege of the defendant, the burden is on the defendant to object in a proper and timely fashion if he thinks venue is improper. The failure to raise the objection properly is a waiver of the defense."); *id.* at 553 ("[A venue objection] "must be done with specificity."). Parties' failure to unambiguously raise and press threshold Rule 12(b) objections such as venue does not serve the interest of judicial economy. *See Centura Bank v. Miller*, 138 N.C. App. 679, 683, 532 S.E.2d 246, 249 (2000). Thus, a party's failure to unambiguously raise and press a venue objection constitutes a factor indicating waiver.

Second, precedent from both North Carolina and other jurisdictions holds defendants can waive a venue defense by participating in subsequent litigation. *See Shaw v. Stiles*, 13 N.C. App. 173, 175, 185 S.E.2d 268, 269 (1971); *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (holding that when defendants "participated in discovery, filed various motions, participated in a five day trial, and filed post-trial motions," they waived their venue objection).

Third, defendants may waive a venue defense by failing to expeditiously pursue their initial objection. *See* 14D Charles A. Wright et al., *Federal Practice and Procedure* § 3826, at 549 (3d ed. 2007); *see also Miller*, 38 N.C. App. at 98, 247 S.E.2d at 280. For instance, in *Miller*, almost a year passed between the defendant's Rule 12(b)(3) motion and the subsequent hearing. *Miller*, 38 N.C. App. at 98, 247 S.E.2d at 280. The defendant sought a continuance at the first hearing and did not even appear at the second hearing five months later. *Id.* There, we held the defendant waived her venue objection by delaying for over a year. *Id.*

Precedent from both North Carolina and other jurisdictions also indicates defendants' delay can constitute waiver when they simply seek to take advantage of the statute of limitations. For instance, in *Spearman v. Sterling S.S. Co.*, 171 F. Supp. 287 (E.D. Pa. 1959), a federal district court held the defendant waived his Rule 12(b) objection because "[a] delay in filing of fifteen months, especially when the statute of limitations has run, is not . . . using the keys to the courthouse door promptly." *Id.* at 289. Moreover, North Carolina precedent addresses this issue in an equitable estoppel context. *See generally Duke Univ. v. Stainback*, 320 N.C. 337, 357 S.E.2d 690 (1987) (holding equitable estoppel bars a statute of limitations defense when the defendant's attorney misled the plaintiff into delaying legal action); *Friedland v. Gales*, 131 N.C. App. 802, 509 S.E.2d 793 (1998) (holding equitable estoppel prevents a statute of limitations defense where the defendant in a wrongful death case intentionally concealed his identity).

In the present case, Defendant argues he did not waive his venue objection because: (i) his subsequent participation in the case was minimal; and (ii) the lengthy delay was largely due to a court-imposed stay. We disagree.

First, Defendant did not unambiguously raise and press his venue objection. In fact, Defendant *created* ambiguity at the early stages of litigation. In the Report, Defendant stipulated that "venue is proper in this action," but then immediately stated "[n]othing in this Report is intended to waive any of the objections or defenses Defendants may raise." To

make his objection clear and unambiguous, Defendant should not have stipulated that "venue is proper" in the Report, but instead should have noted his objection. *See* N.C. R. Bus. Ct. 17.1(m) ("The parties' Case Management Meeting should cover at least the following subjects: . . . An identification of any disputes concerning . . . venue, or a stipulation that no such controversies exist at the time of the Case Management Meeting.); N.C. R. Bus. Ct. 17.2 ("If the parties disagree on any issues in the Case Management Report, they shall nonetheless file a single Case Management Report that, in any areas of disagreement, states the views of each party.").

Additionally, Defendant did not press his venue objection by contesting the joint case management order holding "[v]enue is proper in this action." We acknowledge the Business Court entered the joint case management order before Defendant filed his answer. *See* N.C. R. Civ. P. 12(b) (stating that parties should raise venue objections in responsive pleadings). Nonetheless, if Defendant believed the Business Court erred in making a venue determination before he had the opportunity to file his answer, he should have sought immediate relief.

For instance, Defendant could have moved for relief under N.C. R. Civ. P. 60. Alternatively, Defendant could have immediately appealed the joint case management order to this Court. *See Gardner*, 300 N.C. at 719, 268 S.E.2d at 471 ("[T]here can be no doubt that a right to venue established by statute is a substantial right. Its grant or denial is immediately appealable." (internal citation omitted)). Consequently, Defendant's failure to unambiguously raise and press his venue objection is one factor indicating waiver.

The failure of Defendant to seek review of the Case Management Order in this appeal is problematic for him. Because he has not asked for relief from this order by notice of appeal or by writ, even if we agreed with Defendant, which we do not, we are not able to afford him the relief he seeks. If we were to reverse the trial court, this action would leave in place two conflicting orders on the same issue.

Second, Defendant argues his subsequent participation in discovery does not rise to the level of waiver. After Defendant filed his answer, he noticed two depositions and submitted several interrogatories and a document request to LendingTree. The depositions never occurred due to the subsequent stay. Defendant did not receive a response to his interrogatories and document request until after the Business Court lifted the stay in 2011.

**LENDINGTREE, LLC v. ANDERSON**

[228 N.C. App. 403 (2013)]

In his appellate brief, Defendant cites several federal cases holding that limited discovery participation does not necessarily constitute waiver. *See Broad. Co. of the Carolinas v. Flair Broad. Corp.*, 892 F.2d 372, 374 (4th Cir. 1989) (holding that "participat[ion] in limited discovery, primarily the exchange of interrogatories and the noticing of depositions" does not waive a venue objection), *superseded by statute on other grounds*, 28 U.S.C. § 1391; *Jockey Int'l, Inc. v. M/V "Leverjusen Express"*, 217 F. Supp. 2d 447, 456 (S.D.N.Y. 2002) (holding that filing a cross-claim, impleading a third party, and participating in limited discovery does not waive a venue defense based on a forum-selection clause); *Shaw v. United States*, 422 F. Supp. 339, 341 (S.D.N.Y. 1976) (holding a venue objection was not waived when asserted six months after completion of discovery). However, Defendant's reliance on these cases is not persuasive for several reasons.

Notably, "with the exception of the United States Supreme Court, federal appellate decisions are not binding upon either the appellate or trial courts of this State." *Soderlund v. Kuch*, 143 N.C. App. 361, 370, 546 S.E.2d 632, 638 (2001) (quotation marks and citation omitted); *see also Shepard v. Ocwen Federal Bank, FSB*, 172 N.C. App. 475, 479, 617 S.E.2d 61, 64 (2005) ("Although we are not bound by federal case law, we may find their analysis and holdings persuasive."). Also, North Carolina case law generally indicates that participation in litigation can waive a venue objection. *See Shaw*, 13 N.C. App. at 175, 185 S.E.2d at 269.

Furthermore, even if we consider the non-binding persuasiveness of the federal cases Plaintiff cites, federal case law makes clear that although discovery participation does not constitute waiver *per se*, it can constitute a factor supporting a waiver determination. *See Yeldell*, 913 F.2d at 539; *Fairhope Fabrics, Inc. v. Mohawk Carpet Mills*, 140 F. Supp. 313, 316 (D. Mass. 1956) (holding that when the defendant "availed itself of the power of discovery under the Federal Rules, by taking depositions, and maintaining the entire conduct of the proceedings," the defendant waived his venue objection); *Spearman*, 171 F. Supp. at 289 (recognizing that although taking depositions does not necessarily waive a venue objection, the court "was not laying down a general rule that a defendant may take depositions . . . without waiving his privilege."). Therefore, while we do not base our instant decision solely on Defendant's discovery participation, we recognize that his limited discovery participation is one factor indicating waiver.

Next, Defendant argues the Business Court improperly assigned him responsibility for "almost three years" of delay despite a court-imposed stay for the majority of that time. We disagree.

Given Defendant's argument, we first examine the scope of the Business Court's stay. On 16 July 2008, Beddingfield filed a "Motion to Stay Pending Deadlines and Memorandum in Support." In the motion, he requested the Business Court "stay all Court-imposed and discovery deadlines in the instant matter until the federal criminal investigation of Mr. Beddingfield is resolved." Alternatively, he requested the Business Court "issue protective orders and impose conditions which will serve to protect his interests in the instant matter and preserve his privilege against self-incrimination."

On 4 August 2008, the Business Court granted Beddingfield's motion. The order, in its entirety, reads:

> **THIS MATTER** is before the Court upon the Motion of Defendant Jarrod Beddingfield to stay all Court-imposed and discovery deadlines in the above-captioned case until the federal criminal investigation of Beddingfield is resolved.
>
> **IT APPEARS** to the Court that good cause exists to grant Defendant's Motion and that no party objects to the Motion.
>
> **WHEREFORE**, Defendant's Motion to Stay is **GRANTED**. This case is hereby stayed until the ongoing criminal investigation of Beddingfield is resolved. Beddingfield is **ORDERED** to update the Court in writing every 60 days (or sooner if circumstances warrant) as to the status of the federal criminal investigation.

Defendant now contends that because the order's decree states "[t]his case is hereby stayed," he could not pursue his venue objection during the stay. We do not find this argument convincing.

Reading the 4 August 2008 order in conjunction with Beddingfield's 16 July 2008 motion, we determine the order did not preclude Defendant from pursuing his venue objection. Specifically, Beddingfield's motion only contemplates a stay of discovery, not the entire case. Additionally, in its 17 April 2012 order denying Defendant's application for improper venue, the Business Court expressly stated, "While this Court stayed discovery in the case on August 4, 2008, the stay did not prevent Defendant from bringing and prosecuting his Application for Improper Venue." Lastly, we note that the Business Court often issues stays limited to discovery proceedings. *See, e.g., Novo Nordisk Pharm. Indus., Inc. v. Carolina Power and Light Co.*, No. 05 CVS 154, 2008 WL 4234091, at

*1 (N.C. Bus. Ct. 15 Sept. 2008); *Silverdeer, LLC v. Berton*, No. 11 CVS 3539, 2013 WL 1792524, at *1 (N.C. Bus. Ct. 24 Apr. 2013). Consequently, we view the language stating "[t]his case is hereby stayed" as a clerical oversight. *See* N.C. R. Civ. P. 60(a).

Although the language in the Business Court's stay order may have created confusion as to the stay's scope, this confusion does not relieve Defendant of his burden to expeditiously pursue his venue objection. During the stay's pendency, Defendant could have either: (i) filed his Rule 12(d) application; or (ii) objected to the Business Court's 26 June 2008 Joint Case Management Order stating "[v]enue is proper in this action." If the Business Court intended its 4 August 2008 order to stay *all* proceedings, it would have simply dismissed Defendant's application or motion as untimely. Unfortunately, Defendant did not pursue either of these courses of action.

Therefore, we determine Defendant delayed pursuing his venue objection from 21 July 2008 (when he filed his answer) until 11 March 2011 (when he filed his application for improper venue), a delay of almost three years. We now analyze whether this delay constitutes waiver.

Our previous case law provides some guidance in this endeavor. In *Swift & Co. v. Dan-Cleve Corp.*, 26 N.C. App. 494, 216 S.E.2d 464 (1975),[2] and *Hawley*, 174 N.C. App. 606, 622 S.E.2d 117,[3] we held that delays of four months and nine months, respectively, did not constitute waiver. In *Johnson v. Hampton Industries, Inc.*, 83 N.C. App. 157, 349 S.E.2d 332 (1986),[4] and *Miller*, 38 N.C. App. 95, 247 S.E.2d 278,[5] we held that delays of ten months and over a year, respectively, did constitute waiver. While we decline to now establish a precise point at which delay rises to the

---

2. In *Swift & Co.*, the defendants waited four months after filing their answer to file a subsequent notice of hearing on change of venue. *Id.* at 494, 216 S.E.2d at 465.

3. In *Hawley*, the defendant simultaneously filed an answer and motion for change of venue on 18 December 2003. *Id.* at 607, 622 S.E.2d at 118. He then filed a Notice of Hearing for Motion to Change Venue on 22 September 2004. *Id.* There, we reversed the trial court's ruling that the defendant waived his venue defense because "[t]he nine month delay, standing alone, does not constitute an implied waiver." *Id.* at 610, 622 S.E.2d at 120.

4. In *Johnson*, the defendant moved for a change of venue in his answer, but the motion was not heard until ten months later. *Id.* at 158, 349 S.E.2d at 333. Since the defendant could have obtained a hearing at several court sessions over the intervening months, we affirmed the trial court's decision that the defendant waived his venue defense. *Id.*

5. In *Miller*, almost a year passed between the defendant's Rule 12(b) motion and the hearing date. *Miller*, 38 N.C. App. at 98, 247 S.E.2d at 280. The defendant sought a continuance and failed to appear at the second hearing five months later. *Id.* There, we held the defendant waived her venue objection through inaction. *Id.*

level of waiver, these cases make clear that Defendant's delay of almost three years undoubtedly indicates waiver.

Lastly, we note the likelihood that Defendant, having delayed pursuing his venue objection for almost three years, now simply intends to take advantage of the statute of limitations in his desired venue. For instance, LendingTree's claims of breach of fiduciary duty, trespass to chattels, and conversion all have three-year statutes of limitations in both North Carolina and Delaware. *See* N.C. Gen. Stat. § 1-52 (2011); 10 Del. C. § 8106. Therefore, upholding Defendant's waiver objection could deprive LendingTree of any substantive remedy. *See Spearman,* 171 F. Supp. at 289; *Stainback,* 320 N.C. at 341, 357 S.E.2d at 693; *Friedland,* 131 N.C. App. at 809, 509 S.E.2d at 798.

Consequently, we determine Defendant waived his venue defense when he delayed pursuing his objection for almost three years. Given this conclusion, we decline to address Defendant's other arguments regarding venue.

## IV. Conclusion

Defendant waived his venue defense because: (i) he did not unambiguously raise and press his objection; (ii) he subsequently participated in litigation; and (iii) he delayed pursuing his defense for almost three years. Therefore, the Business Court's order is

AFFIRMED.

Judges BRYANT and McCULLOUGH concur.