IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-74

Filed 3 December 2024

Wake County, No. 23 CVD 8457

LORETTA BRASWELL, Plaintiff,

v.

RICHARD D. BRASWELL, Defendant.

Appeal by defendant from order entered 28 August 2023 by Judge Anna E. Worley in Wake County District Court. Heard in the Court of Appeals 13 August 2024.

*Sandlin Family Law Group, by Deborah Sandlin, and Raleigh Divorce Law Firm, by Heather Williams Forshey, Jennifer Sinclair Simpkins, and Katelyn Bailey Hodgins, for plaintiff-appellee.*

*The Armstrong Law Firm, P.A., by L. Lamar Armstrong, III, for defendant-appellant.*

THOMPSON, Judge.

Richard D. Braswell ("defendant") appeals an interlocutory order denying his Motion to Transfer Venue (the "Venue Motion"). On appeal, defendant argues that the trial court erred in concluding that he had waived his right to challenge venue. After careful review, we affirm.

## I. Factual Background and Procedural History

Loretta Braswell ("plaintiff") and defendant were married in 2013 and separated in 2022. Plaintiff and defendant had one child from their marriage, born on 13 December 2007. During their marriage, plaintiff and defendant lived in Johnston County with the minor child. On 13 April 2023, plaintiff filed a complaint in Wake County District Court seeking child support, post-separation support, alimony, equitable distribution, and to set aside a premarital agreement. At the time of plaintiff's complaint, plaintiff and the minor child resided in Wayne County, while defendant resided in Johnston County.

On 15 May 2023, defendant timely filed his Venue Motion, requesting that this action be moved to Johnston County. As a basis for transfer, defendant asserted that the parties lived in Johnston County for the duration of their marriage and at the time of their separation, and neither party nor the minor child lived in Wake County at any time in the year preceding the filing of plaintiff's complaint. Plaintiff filed an objection and response to defendant's Venue Motion on 16 May 2023. In plaintiff's objection, she argued that Wake County was an appropriate venue for the following reasons: (1) plaintiff was displaced from her residence due to defendant's actions and had no permanent residence following the separation; (2) defendant held a political position in Johnston County, had influential status within the community, and was associated with members of the community that held positions of power, to such a degree that his position would be a barrier to a fair adjudication; (3) Wake County is in close proximity to Johnston County, defendant's county of residence, and is not an

inconvenient forum for him; and (4) defendant actively engaged with plaintiff in a different lawsuit in Wake County. Shortly thereafter, defendant filed a calendar request and notice of hearing, calendaring his Venue Motion to be heard on 12 July 2023.

On 13 June 2023, nearly one month *after* filing his Venue Motion—but a month before the 12 July 2023 hearing on the Venue Motion—defendant filed a motion to dismiss, motion to strike, affirmative defenses, answer, and critically for purposes of this appeal, *counterclaims for equitable distribution and a claim for child custody*. Notably, prior to the filing of defendant's counterclaims for temporary and permanent child custody, child custody was not a pending issue before the trial court. Stated differently, defendant asserted a *new claim* in the present action.

On 12 July 2023, defendant's Venue Motion was heard in Wake County District Court. The trial court considered the parties' arguments, North Carolina case law and persuasive federal case law, and the factors set forth in N.C. Gen. Stat. § 1-83. The trial court found that defendant's custody claim was not one that had to be raised in the present action, as it could have been raised at any time. Defendant could have pursued other legal options regarding the custody claim that would have avoided the issue of waiver. However, because defendant filed the counterclaim regarding custody, *which was not previously pending before the trial court*, defendant "actively participated" in the litigation. Consequently, because defendant actively participated

in the action, he availed himself to the jurisdiction of Wake County and waived his objection to the respective venue.

By written order dated 8 August 2023, the trial court denied defendant's Venue Motion, concluding that defendant had waived his right to challenge venue by filing the counterclaim for child custody in Wake County District Court on 13 June 2023. From this order, defendant filed timely written notice of appeal.

## II. Discussion

On appeal, defendant contends that the trial court erred in concluding that defendant had waived his venue defense. We do not agree.

### A. Appellate Jurisdiction

As an initial matter, "[a]lthough the initial question of venue is a procedural one, there can be no doubt that a right to venue established by statute is a substantial right[,]" and "its grant or denial is immediately appealable." *Gardner v. Gardner*, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980). N.C. Gen. Stat. § 1-82, which governs venue, provides that an "action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement . . . ." N.C. Gen. Stat. § 1-82 (2023). Because defendant's right to venue is established by N.C. Gen. Stat. § 1-82, the trial court's denial of defendant's Venue Motion affects a substantial right and is "immediately appealable." *Gardner*, 300 N.C. at 719, 268 S.E.2d at 471. Consequently, we dismiss defendant's petition for writ of certiorari as moot.

### B. Standard of review

"North Carolina precedent has engaged in a fact-based *de novo* inquiry into whether a party waives an improper venue defense as a question of law." *LendingTree, LLC v. Anderson*, 228 N.C. App. 403, 407, 747 S.E.2d 292, 296 (2013). "Under a de novo review, th[is] [C]ourt considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Id.* at 407–08, 747 S.E.2d at 296 (citation omitted).

**C. Venue Motion**

The dispositive issue before the Court in the present case is whether defendant waived his 15 May 2023 venue objection by filing a non-compulsory counterclaim in the same venue defendant asserted was improper, prior to the trial court ruling on his Venue Motion. We conclude that defendant did waive his venue defense.

As noted above, N.C. Gen. Stat. § 1-82 requires that "the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement . . . ." N.C. Gen. Stat. § 1-82. However, N.C. Gen. Stat. § 1-83 provides that if the county designated in the summons and complaint "is not the proper one, the action may, however, be tried therein [the incorrect venue], unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court." N.C. Gen. Stat. § 1-83.

"Defendants can assert a venue objection in either: (i) a responsive pleading; or (ii) a motion to dismiss under N.C. R. Civ. P. 12(b)(3)." *LendingTree*, 228 N.C. App.

at 409, 747 S.E.2d at 297. However, "[e]ven if defendants properly raise a venue objection, they can impliedly waive the defense through their actions or conduct." *Id.* (internal quotation marks and citation omitted). "Factors indicating a waiver include: (i) failure to unambiguously raise and pursue a venue objection; (ii) participation in litigation; and (iii) unnecessary delay." *Id.* None of these factors are dispositive; they are to be considered holistically in determining whether a defendant waived their venue defense. *See generally LendingTree*, 228 N.C. App. at 411, 747 S.E.2d at 297–98 (considering the factors in totality before concluding that defendant had waived his venue defense).

As to the first factor, although defendant raised and pursued his venue objection in a timely manner, defendant subsequently imposed an element of ambiguity into which venue was the correct venue for this action by filing a non-compulsory counterclaim for equitable distribution and child custody *in the same venue he had just asserted was improper*. We recognize the harsh application of *LendingTree's* factors in the present case, as defendant notes, the "very beginning of the pleading containing [d]efendant's counterclaim *reasserts* [d]efendant's venue objection through his motion to dismiss for improper venue." However, the proper course of action, in the interest of judicial economy, was for defendant to allow the court to rule on his Venue Motion prior to filing non-compulsory counterclaims for equitable distribution and child custody. As the trial court found, defendant had various legal avenues that he could have pursued to appropriately file his

counterclaim without interfering with his objection to venue; however, defendant proceeded with the filing of non-compulsory claims and disregarded alternative options.[1] *See LendingTree,* 228 N.C. App. at 411, 747 S.E.2d at 298–99 (recognizing that the defendant had alternatives, but the failure to seek such alternatives could be considered a failure to press his venue objection.).

Moreover, "a party's failure to unambiguously raise and press a venue objection constitutes a factor indicating waiver." *LendingTree*, 228 N.C. App. at 409, 747 S.E.2d at 297–98. Here, defendant's objection to venue was unambiguously raised by the filing of the Venue Motion on 15 May 2023 and further by the scheduling of a hearing on 12 July 2023. However, this Court not only considers the failure to unambiguously raise a venue objection, but also considers the failure to *press* a venue objection. Defendant asserted a new claim, when that claim could have been filed at any time and when he had numerous legal options by which to pursue such a claim. Although defendant reasserted his objection, he filed a custody claim in the venue he suggested was improper. Defendant's course of action—filing the Venue Motion and subsequently filing a non-compulsory counterclaim in a venue he posed as improper— is not only ambiguous, but also is not a path that could be considered as pressing an

---

[1] The trial court found that defendant's custody claim could have been raised at any time, including as a later "motion in the cause." Pursuant to N.C. Gen. Stat. § 50-13.5, in a custody action, a motion in the cause may be filed at any time. This alternative was available to defendant and would have allowed his custody claim to be heard after the hearing on his Venue Motion.

objection to venue. Thus, defendant's failure under this factor is considered indicating waiver.

Second, as acknowledged in *LendingTree*, "North Carolina case law generally indicates that participation in litigation can waive a venue objection." *LendingTree*, 228 N.C. App. at 412, 747 S.E.2d at 299. In that case, this Court held that the defendant's "limited discovery participation" was an appropriate consideration indicating waiver. Here, as discussed *supra*, defendant had legal options that would have prevented his engagement in the current action. Instead, defendant chose to participate in the litigation by filing a custody claim and requesting the trial court to "[a]ward temporary and permanent joint physical and legal custody of the parties' minor child to the Defendant." It cannot be concluded that asking the trial court to contemplate custody matters is non-participation in the matter. By contrast, defendant actively participated in the litigation and asserted new allegations that required a response on behalf of plaintiff. Accordingly, defendant's participation of asserting a counterclaim for custody is a factor we consider.

As the trial court recognized, there are several federal cases that directly address the issue of a defendant filing a counterclaim after filing an objection to venue. Although not binding on this Court, the cases are instructive in the present action. *See LendingTree*, 228 N.C. App. at 412, 747 S.E.2d at 299 ("Although we are not bound by federal case law, we may find their analysis and holdings persuasive."). In *Beaunit Mills, Inc.*, the plaintiff filed a complaint for breach of contract seeking

damages. *Beaunit Mills, Inc. v. Industrias Reunidas F. Matarazzo*, S.A., 23 F.R.D. 654 (S.D.N.Y. 1959), Fed. R. Serv. 2d 74. The defendant filed responses, including a venue defense and a counterclaim for damages. There, the court considered whether the defendant's venue objection was waived by the filing of a counterclaim, as the counterclaim "affirmatively [sought] the aid of the court." The court held that, because the defendant filed a counterclaim, the defendant "affirmatively invok[ed] the jurisdiction of the court and thus [ ] voluntarily subject[ed] [himself] to that jurisdiction." *Id.* 23 F.R.D. at 657. Similarly, in *Noerr Motor Freight*, the defendant objected to venue and the objection was calendared for hearing. *Noerr Motor Freight, Inc. v. E. R. R. Presidents Conf.*, 155 F. Supp. 768, 838 (E.D. Pa. 1957). Notwithstanding, the defendant filed a counterclaim before the hearing. The court in *Noerr Motor Freight* held that defendant's action of filing a counterclaim "thereby waived any objections which it might have to venue." *Id.* Thus, the defendant filed a counterclaim, despite its venue objection pending before the court, which established the defendant's consent to the venue.

Our case law on what level of participation in litigation constitutes a waiver of the venue defense is undeveloped; however, as applied to the facts of the instant case, we conclude that actively participating in and furthering litigation in Wake County by filing non-compulsory counterclaims—here, for equitable distribution and child custody—constituted a waiver of defendant's Venue Motion.

In conclusion, defendant waived his venue defense by failing to press his objection to venue and by subsequently participating in litigation. Defendant asserted, and reasserted, his objection; however, defendant later filed a custody claim seeking affirmative action on behalf of the trial court in that jurisdiction. Defendant undertook such actions when alternative legal options were available that would not subject him to a waiver of venue. Furthermore, his filing of the counterclaim is considered participation in the litigation. The counterclaim invoked responses on behalf of plaintiff and the trial court, as it was a new matter not previously pending before the court. Accordingly, for these reasons, the trial court's order denying defendant's motion to change venue is affirmed.

### III. Conclusion

Because defendant has failed to unambiguously pursue his venue objection, coupled with his active participation in the litigation in Wake County by filing non-compulsory counterclaims, we conclude that defendant waived his venue defense, and the trial court did not err in denying defendant's Venue Motion. For the aforementioned reason, the order of the trial court is affirmed.

AFFIRMED.

Judge WOOD concurs.

Chief Judge DILLON dissents by separate opinion.

DILLON, Chief Judge, dissenting.

Defendant Richard D. Braswell ("Husband") appeals an interlocutory order denying his Motion to Transfer Venue (the "Venue Motion"). He argues that the trial court erred by concluding that he had waived his right to challenge venue by filing a counterclaim before his Venue Motion was heard. Because I conclude that Husband did not waive his right to challenge venue, I respectfully dissent.

## I.    Analysis

Our Supreme Court has held that improper venue is not jurisdictional and that a challenge based on improper venue may be waived. *See Stokes v. Stokes*, 371 N.C. 770, 773 (2018). We review *de novo* a trial court's determination that a party has waived his right to challenge venue. *LendingTree, LLC v. Anderson*, 228 N.C. App. 403, 407 (2013). "When demand for removal for improper venue is timely and proper, the trial court has no discretion as to removal." *Id.* at 409 (citing N.C.G.S § 1-83). Under our Rules of Civil Procedure, a defendant may assert a venue challenge in either (i) a responsive pleading or (ii) a motion to dismiss. *See* N.C. R. Civ. P. 12(b)(3).

Here, Husband clearly timely filed his objection to venue. He filed his objection within a month of the filing of the complaint by Plaintiff Loretta Braswell ("Wife"). He also included his objection to the venue a month later in his answer/counterclaim.

I recognize we have held that even if a defendant properly raises an improper venue defense, he may impliedly waive that defense through his actions or conduct. *See LendingTree*, 228 N.C. App. at 409 (citing N.C.G.S § 1-83); *see also Miller v.*

*Miller*, 38 N.C. App. 95, 97−98 (1978) (affirming order concluding a party waived her right to change venue by failing to pursue her objection for *well over a year*).

But based on my *de novo* review, I conclude Husband has not waived his objection to venue through his conduct, namely by merely asserting in his answer a counterclaim for child custody.

In April 2023, Wife filed her complaint in Wake County, though she alleged she resides in Wayne County and Husband resides in Johnston County.

The very next month, in May 2023, before his answer was due, Husband filed his Venue Motion, requesting the matter be transferred to his county of residence—Johnston County, a proper venue. He also immediately caused his Venue Motion to be calendared to be heard two months later, in July 2023.

In June 2023—a month before the July 2023 hearing on that motion—Husband filed his responsive pleading to Wife's complaint. This responsive pleading contained his answer and a counterclaim for child custody. His responsive pleading *also reiterated his challenge to venue being in Wake County*.

In July 2023, Husband's Venue Motion was heard, as originally scheduled, a mere two months after Husband lodged his objection to venue. He never sought any delay in his motion being heard. *See Swift & Co. v. Dan-Cleve Corp.*, 26 N.C. App. 494, 495−96 (1975) (holding no waiver where a party delayed "only four months" before pursuing their objection to venue). A month later, the trial court entered its order, concluding Husband had waived his right to challenge venue.

2

In *LendingTree*, we considered the following factors in determining whether a defendant's actions amount to implied waiver: (i) failure to unambiguously raise and pursue a venue objection; (ii) participation in litigation; and (iii) unnecessary delay. *LendingTree*, 228 N.C. App. at 409. We held that the defendant waived his objection to venue where he noticed two depositions and served interrogatories and document requests on the plaintiff with his venue objection and otherwise did not seek a hearing on his venue objection *for over two years*. *Id.* 406–07.

Here, the majority agrees with Wife's contention that *LendingTree* factors (i) and (ii) apply in this case—that by filing a counterclaim for child custody before his Venue Motion was heard, Husband created ambiguity about his intent to pursue a challenge to venue, and that he also "actively participated" in litigation. I disagree.

As to factor (ii), I do not believe Husband waived his challenge to venue by his participation in this litigation. He merely filed his responsive pleading while waiting for his calendared Venue Motion to be heard. Rule 13 of our Rules of Civil Procedure *allows* for a defendant to include with his answer any counterclaims, including non-compulsory counterclaims, that he may have against the plaintiff. In fact, any failure to assert compulsory counterclaims may warrant waiver of those claims. And Rule 12 allows for a defendant to include an objection to venue in his answer. Clearly, it cannot be said that a defendant waives his objection to venue made in his answer merely by also asserting counterclaims in that answer. In the same way, I do not believe that a defendant who makes a motion which challenges venue prior to filing

3

his answer, as allowed by Rule 12, waives that objection merely by filing his answer which may include counterclaims thereafter while waiting for his motion to be heard. Though Husband's counterclaim may not have technically been compulsory, his child custody claim certainly was related to Wife's domestic claims. In any event, Husband reiterated his venue objection in his responsive pleading. This current case is not a situation where a defendant failed to be vigilant in seeking a hearing on his venue motion.

I am further persuaded by the trend in the federal system not to treat the mere filing of a counterclaim to constitute a waiver of an objection to venue. *See* 5C Charles Wright & A. Miller, *Federal Practice and Procedure* § 1397 (3d ed. 2004) ("The trend in more recent cases is to hold that no Rule 12(b) defense is waived by the assertion of a counterclaim, whether permissive or compulsory. . . . The same result has been reached by several courts with regard to the effect of interposing cross-claims and third-party claims."); 3 James Wm. Moore, *Moore's Federal Practice* § 13.111 (Matthew Bender 3d ed. 2010); and 6 C. Wright, A. Miller, M. Kane & R. Marcus, § 1416. In holding that the mere assertion of a counterclaim does not waive an objection to venue, one federal court has explained:

> We follow this well-traveled path in holding that the mere assertion of a counterclaim will not waive a defense of improper venue that was explicitly asserted in an answer filed contemporaneously with the counterclaim. This conclusion is also consistent with the important and constructive principle of our adversary system that parties may argue alternative positions without waiver. *See* Fed.

R. Civ. P. 8(d)(2)-(3) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically. . . . A party may state as many separate claims or defenses as it has, regardless of consistency."); *see also* Wright & Miller, *supra*, § 1397 ("Moreover, this practice of allowing a defendant in effect to plead alternatively a counterclaim and one or more threshold defenses conserves judicial resources, for if one of the defenses proves successful, the parties need not litigate a claim that the defendant presumably has no interest in asserting independently."). We endorse the general rule that the assertion of alternative defenses in an answer, or the assertion of claims in a counterclaim or a third-party claim, will not waive a defense that has been asserted previously or contemporaneously in an answer.

*Hillis v. Heineman*, 626 F.3d 1014, 1018–19 (2010).

As to *LendingTree* factor (i), Husband has been unambiguous about his objection to this matter being heard in Wake County, where neither he nor Wife reside. He raised his objection in the Venue Motion *prior to* filing his answer, he immediately sought and obtained a date for his Motion to be heard—merely two months after he filed his Motion and three months after Wife filed her complaint, his Motion was heard on that date, and he raised his objection to venue again in his answer. *See Shaver v. Huntley*, 107 N.C. 623, 628–29 (1890) (holding that a venue challenge made before an answer is filed is not waived where the answer challenges venue). It is clear from the record that Husband was unambiguous in his objection to the maintenance of Wife's action in Wake County, where neither he nor Wife reside. And it is clear that Defendant did not delay the hearing of his objection or request that the trial court in Wake County consider any other motion.

*DILLON, C.J., dissenting*

In sum, based on my *de novo* review, I do not believe that Husband waived his objection to this matter being heard in an improper venue. My vote is to vacate the order of the trial court and remand with instructions to transfer the matter to Husband's home county, as our Supreme Court has held that a plaintiff who files in the wrong county waives her right to have the matter heard in her own home county. *Nello L. Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 744 (1952).