WILLIAM LASSITER v. NORFOLK AND CAROLINA RAILROAD COMPANY.

(Decided May 15, 1900.)

*Removal of Cause for Trial—Matter of Discretion, Code, Section 195.*

1. It is within the discretion of the Court to change the place of trial, when the convenience of witnesses and the ends of justice would be promoted by the change. Code, sec. 195 (2.)

2. Such discretion is not reviewable, and its exercise not restricted to the expiration of the time of answering, nor to cases in which the action is brought in the wrong county, nor must the removal be necessarily made to some county in the same judicial district.

CIVIL ACTION for injury alleged to be occasioned by diverting water upon land of plaintiff, heard before *Allen, J.,* at November Term, 1899, of BERTIE Superior Court, upon motion and affidavit of defendant for the removal of the cause to some other county for trial, for the convenience of witnesses and to promote the ends of justice. Motion allowed. Plaintiff excepted and appealed.

*Mr. Francis D. Winston,* for appellant.
*Mr. George Cowper,* for appellee.

CLARK, J.    The Code, sec. 195, provides that if an action is not brought "in the proper county, the action may, notwithstanding, be tried therein *unless* the defendant, before the time of answering expires, demands in writing that the trial be had in the proper county."    This gives the defendant a right to remove in such cases upon written motion in apt time (*Manufacturing Co. v. Brower,* 105 N. C., 440), otherwise the objection is waived.    But the same section further on gives the Court the discretion:    "It may change the place of trial" in three cases named in as many subsections, the second of which is "When the convenience of witnesses and the ends of justice would be promoted by the change."    The Court in its discretion granted the removal upon that ground, in this case, and such action is not reviewable.    The discretion of the Court to remove is not restricted to the expiration of the time of answering, nor to cases in which the action is brought in the wrong county, as is the right of the defendant to remove.

The further objection that the cause was removed to a county in another judicial district is without ground in the statute, or decisions to support it.    The appeal was not premature (*Roberts v. Connor,* 125 N. C., 45), but there was

No error.