### J. R. OETTINGER ET AL. v. HILL LIVE STOCK COMPANY.

(Filed 17 November, 1915.)

**1. Transfer of Causes—Motions—Refusal—Exceptions—Waiver.**

Where a defendant moves to transfer a cause to another county, and he is allowed to a certain day of the term to file affidavits, which he failed to do, and his motion for removal is denied, without his excepting or appealing, his conduct will waive all of his rights thereto.

**2. Transfer of Causes—Court's Discretion—Appeal and Error—Interpretation of Statutes.**

The transfer of a cause to another county "for the convenience of witnesses or for that the ends of justice will be promoted," is a matter within the discretion of the trial judge and not reviewable on appeal. Revisal, sec. 425.

**3. Transfer of Causes—Continuances—Waiver.**

A defendant who has moved to transfer a cause to another county waives his right to the same by accepting continuances from time to time.

**4. Same—Answer—Judgments by Default.**

Where a defendant has waived his right to transfer a cause to another county or the same has been refused in the discretion of the trial court, and he has permitted the time to file his answer to expire, it is within the discretion of the trial judge to refuse his motion to file an answer later, and a judgment final by default thereof may be entered in proper instances.

APPEAL by defendant from *Lyon, J.,* at June Term, 1915, of GUILFORD.

Civil action. There was motion to remove, which was overruled. Also judgment for plaintiff by default for want of answer. Defendant appealed.

*Stern & Swift for plaintiff.*
*W. H. Ruffin for defendant.*

BROWN, J. This action is brought to recover from the defendant the sum of $743.19 with interest. In apt time, January Term, 1915, the defendant filed a motion, with affidavit, for removal of the cause to Franklin County. This motion was made under subsection 2, sec. 425, Revisal 1905. Plaintiff answered this motion and filed affidavit. Hearing on motion was at January Term, 1915. The motion for removal was denied. The defendant was given till the following Tuesday of the term to file additional affidavits. No additional affidavits were filed. No answer or demurrer was ever filed. At the request of the defendant, the cause was continued from term to term.

The case was placed on the trial calendar for the June Term. When the case was called, the defendant renewed his motion for removal. He filed one additional affidavit. The defendant's motion for removal was

denied. The plaintiff moved for judgment by default final. The defendant moved for time to answer. Defendant's motion denied and judgment by default final was signed.

1. The defendant, by neglecting to file additional affidavits within the time allowed by the court, and by failing to except to the judge's denial of the motion for removal, and by failing to appeal, waived all rights for removal. *Lassiter v. R. R.,* 126 N. C., 508; *Garrett v. Bear,* 144 N. C., 26; *Ford v. Lumber Co.,* 155 N. C., 352.

2. But even if all rights for removal were not waived, the original motion for removal, January Term, and the renewal of the motion, June Term, were both made under subsection 2, sec. 425, Revisal 1905.

The Supreme Court will not review the denial by the Superior Court judge of a motion to remove "for the convenience of witnesses or for that the ends of justice will be promoted." Revisal 1905, sec. 425; *Garrett v. Bear, supra; S. v. Turner,* 143 N. C., 642; *S. v. Smarr,* 121 N. C., 670; *Lassiter v. R. R., supra.*

3. The defendant, by requesting and accepting continuances of the cause from time to time, waived all rights to have the case removed. *Garrett v. Bear, supra; Howard v. R. R.,* 122 N. C., 952.

Allowing defendant to answer at the June Term, when the time to answer had expired long since, was in the discretion of the judge, and will not be reviewed.

Affirmed.