FRANCES C. MOSELEY v. BRANCH BANKING AND TRUST COMPANY AS EXECUTOR AND TRUSTEE UNDER THE WILL OF MAYNARD N. MOSELEY, DECEASED, BETTY ROSE M. PEEBLES, BARBARA M. HOLSHOUSER, FRANCES M. BENTON, MARY A. MOSELEY, MAYNARD N. MOSELEY, JR., MARY HELEN CARRAWAY, LIVING AND UNBORN ISSUE OF CHILDREN OF MAYNARD N. MOSELEY

No. 733SC136

(Filed 1 August 1973)

1. Rules of Civil Procedure § 55— setting aside entry of default
    Trial court did not err in setting aside entry of default and permitting defendant to file answer without first ruling on plaintiff's motion for default judgment since the court tacitly denied plaintiff's motion by setting aside entry of default.

2. **Appeal and Error § 42; Rules of Civil Procedure § 55— setting aside entry of default — evidence not in record on appeal — presumption**

Where appellant failed to include in the record on appeal the evidence heard by the trial judge upon defendant's motion to vacate entry of default, the court on appeal presumes that the trial judge acted within his discretion on evidence showing good cause to vacate the entry of default.

3. **Rules of Civil Procedure §§ 12, 55— erroneous entry of default — 20 days to answer after denial of change of venue motion**

Where defendant filed a motion for change of venue on 26 January 1972, plaintiff moved for default judgment on 28 February 1972, entry of default was made against defendant on 28 February 1972, and defendant's motion for change of venue was denied on 20 March 1972, entry of default against defendant was erroneous since defendant was entitled to 20 days after notice of denial of his change of venue motion to file answer, and the trial court's order setting aside entry of default and giving defendant 20 days to answer gave defendant no more than that to which he was already entitled by statute.

4. **Rules of Civil Procedure §§ 6, 12— extension of time to answer — no waiver of improper venue defense**

Defendant's motion for an extension of time in which to file answer or other responsive pleading in no way constituted a waiver of his right subsequently to raise the defense of improper venue.

5. **Husband and Wife § 4— conveyance of entirety property to corporation — no privy examination of wife — summary judgment proper**

In an action to have certain deeds declared null and void and to have plaintiff declared owner in fee of the subject realty as surviving tenant by the entireties, the trial court properly entered summary judgment for defendant where plaintiff failed to allege a purpose or intent to circumvent G.S. 52-6 in the conveyance of entirety property by husband and wife to a corporation and subsequent conveyance back to the husband, and where the undisputed facts did not reveal that the conveyances in question were void as a matter of law for noncompliance with G.S. 52-6.

APPEAL by plaintiff from *Cohoon, Judge,* 9 October 1972 Session of Superior Court held in CARTERET County.

Plaintiff instituted this action to have certain deeds to a tract of land known as Moseley's Amusement Triangle at Atlantic Beach, N. C. declared void, and to have plaintiff declared owner in fee of this realty as surviving tenant by the entireties.

On 15 May 1959, the property in question was conveyed to M. N. Moseley and wife, Frances C. Moseley, as tenants by the entireties, by deed from L. T. White and wife, Mary C. White. On 21 May 1968, M. N. Moseley and wife conveyed this property to Moseley's Triangle, Inc. M. N. Moseley was president of this

corporation and plaintiff, Frances C. Moseley, was its secretary. On 17 February 1970 Moseley's Triangle, Inc., conveyed the tract to M. N. Moseley, individually. This deed from Moseley's Triangle, Inc., was signed by both M. N. Moseley as president, and plaintiff as secretary of that corporation.

M. N. Moseley died testate on 10 October 1970 leaving a will that appointed Branch Banking & Trust Company as executor and trustee. At the time this action was instituted, the land in question was valued at approximately $152,000.

In her complaint, plaintiff contends that Moseley's Triangle, Inc., was an empty corporate shell, the alter ego of M. N. Moseley, created for the sole purpose of taking title to the real estate in controversy. She argues that the corporation was solely owned and controlled by M. N. Moseley, that no stock was ever issued nor was any consideration given by the corporation in exchange for the realty, and that the articles of incorporation for Moseley's Triangle were suspended some two years after it was incorporated for failure to report or pay taxes as required by the Revenue Act. Plaintiff contends that the transfer on 21 May 1968 by M. N. Moseley and wife to Moseley's Triangle, Inc., was in actuality a transfer to M. N. Moseley, individually; and, therefore, void for noncompliance with G.S. 52-6 requiring a privy examination of the wife and certification by a judicial officer that such conveyance is not unreasonable or injurious to the wife. Plaintiff makes a similar argument concerning the 17 February 1970 deed from Moseley's Triangle, Inc., to M. N. Moseley. She contends that these two deeds are void and that she is the owner of the property in question as surviving tenant by the entireties.

Defendant Branch Banking & Trust Co., in its answer, and supported by the affidavit of the attorney who negotiated the loan and these property transactions, contends that Moseley's Triangle, Inc., was organized for the primary purpose of obtaining a development loan for the property in question from Durham Life Insurance Company; that the interest rates for individuals was below the going rate of interest; that the land in question was placed into a corporation, for which interest rates are higher, and a loan was obtained using the property as security; that no stock was issued by the corporation in order to avoid gift taxes (wife had not paid any part of the consideration for the purchase of the property) ; that after the loan was secured the objective of the corporation had been ful-

filled; and that the property was conveyed back to M. N. Moseley individually—again to avoid gift taxes on a gift to the wife. Plaintiff acknowledged and knowingly participated in all of these transactions.

This action was brought on 22 December 1971. On 24 January 1972, defendant got an extension of time in which to answer. On 26 January 1972, defendant filed a motion seeking a change of venue, and on 28 February 1972 plaintiff moved for default judgment. On 28 February 1972 entry of default was entered against all defendants. On 20 March 1972, defendant's motion for change of venue was denied, and an order was entered vacating the entry of default and allowing defendant 20 days in which to file an answer or otherwise plead. Defendant filed answer and plaintiff's motion to strike the answer was denied.

In July and August 1972 both parties moved for summary judgment. The court allowed defendant's motion for summary judgment and denied plaintiff's motion. Plaintiff appealed.

*Daniel R. Dixon for plaintiff.*

*Basil L. Sherrill for defendant.*

BROCK, Judge.

Plaintiff assigns as error the order of the trial court vacating the entry of default and allowing defendant Branch Banking and Trust Company 20 days in which to answer. Plaintiff also assigns as error the trial court's denial of her motion to strike the answer of defendant Branch Banking & Trust Co.

[1]  Plaintiff first contends that the order setting aside the entry of default and permitting defendant to file answer was issued "out of time." She argues that this order was premature because the court did not first rule on her motion for default judgment. We find this argument without merit, the court tacitly denied plaintiff's motion for default judgment by setting aside the entry of default.

[2]  Plaintiff also contends that the court failed to find "good cause" for the setting aside of the entry of default, the standard required by G.S. 1A-1, Rule 55(d). Appellant has not included in the record on appeal the evidence heard by the trial judge upon defendant's motion to vacate the entry of default.

"Where appellant fails to bring the evidence up for review, we presume the trial judge acted within his discretion on evidence showing good cause to vacate the entry of default." *Crotts v. Pawn Shop,* 16 N.C. App. 392, 192 S.E. 2d 55. In addition to this presumption, we find that good cause existed on the face of the record for reasons discussed below.

[3] Plaintiff further challenges the court's allowing defendant 20 days in which to answer from the time of its vacating the entry of default, and the actual acceptance of defendant's answer within that 20 day period. We find the portion of the court's order allowing defendant 20 days in which to answer surplusage and not prejudicial error for the following reasons. The entry of default filed on 28 February 1972 was improperly entered. Rule 12(a)(1) of our Rules of Civil Procedure provides in pertinent part:

> (a)(1) When Presented.—A defendant shall serve his answer within 30 days after service of the summons and complaint upon him. * * * Service of a *motion permitted under this rule* alters these periods of time as follows, unless a different time is fixed by order of the court:
>
> > a. *If the court denies the motion* or postpones its disposition until the trial on the merits, *the responsive pleading shall be served within 20 days after notice of the court's action . . . . "* (Emphasis added.)

Rule 12(b)(3) allows a defense of improper venue to be raised by motion.

In the present case, defendant aptly raised the defense of improper venue in its 26 January 1972 motion for change of venue. That motion constituted an objection to improper venue on the basis of G.S. 1-78, regarding venue in actions brought against executors. This motion altered the period of time in which defendant could answer until 20 days after notice of a ruling on its motion. "Although the motions provided for by Rule 12(b) . . . are not pleadings under Rule 7(a), Rule 12(a) provides that the service of such a motion results in a postponement of the time for serving an answer, and, consequently, no default results pending disposition of these motions. 6 J. Moore's, Federal Practice Par. 55.02[3] (2nd ed. 1948), p. 55-16.

[4] Defendant's motion for an extension of time filed on 24 January 1972, provided for by Rule 6 of our rules, in no way

waived defendant's right to make any of the Rule 12(b) defenses allowed by motion. While Rule 12(h) does provide for waiver of the defense of improper venue when not joined in a motion made "under this rule," this waiver is not applicable to a motion for enlargement of time made under **Rule 6.**

**[3]** Under Rule 12(a)(1)(a) defendant had 20 days to answer from the time of notice of the court's 20 March 1972 denial of his motion to remove because of improper venue. The court's order—also made on 20 March 1972—setting aside the entry of default and allowing defendant 20 days to answer merely vacated an erroneous entry of default and allowed the same length of time to answer which defendant already had by statute. These assignments of error are overruled.

**[5]** Plaintiff assigns as error the denial of her motion for summary judgment and the allowance of defendant's motion for summary judgment. Plaintiff does not contend that disposition of this action by summary judgment was improper or that any disputed material issues of fact exist; rather she argues that summary judgment should have been granted in her favor.

In its judgment the court made findings of fact and conclusions of law. Plaintiff excepts to each of the conclusions of law. "[T]he Supreme Court and this court have emphasized in numerous opinions that upon a motion for summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried." *Stonestreet v. Compton Motors, Inc.,* 18 N.C. App. 527, 197 S.E. 2d 579. The conclusions of law (if that's what they are) to which plaintiff excepts are mere surplusage. The sole questions presented on appeal from this summary judgment are whether a genuine issue as to any material fact exists, and whether the trial judge was correct in ruling that defendant was entitled to judgment as a matter of law.

Plaintiff has not contended that a material issue of fact exists. Therefore, our single consideration is whether summary judgment was properly granted for defendant. We think it was. In *Stokes v. Smith,* 246 N.C. 694, 100 S.E. 2d 85, it was held that a mere conveyance by the husband and wife of wife's lands to a third person and the subsequent reconveyance by such third person to the husband does not establish *as a matter of law* an attempt to circumvent the statute requiring a privy examination of the wife. The burden is on the party asserting the invalidity

of the deed to prove that it is not in fact what it purports to be. Plaintiff does not allege a purpose or intent to circumvent G.S. 52-6 and there is no issue of fact present on this point. She contends that on the undisputed facts in this case the conveyances in question *as a matter of law* should be void for non-compliance with G.S. 52-6. Plaintiff has failed to meet the *Stokes* burden. Her attempt to distinguish the alleged "strawman" in the *Stokes* situation from the alleged corporate alter ego in the present case is unconvincing. Summary judgment was properly entered for defendant. These assignments of error are overruled.

Affirmed.

Judges BRITT and HEDRICK concur.