STEELMAN, Judge.
Where there was no evidence in the record that plaintiff was a resident of Harnett County at the time of the filing of this action, the trial court erred in denying defendant’s motion for change of venue.
I. Factual and Procedural Background
On 29 March 2010, Wallace Scott Kiker (plaintiff) was a passenger in a motor vehicle operated by Cedric Jelani Winfield (defendant) in Union County, North Carolina. According to plaintiff’s complaint, defendant was negligent in causing a single vehicle collision, which resulted in personal injury to plaintiff. On 31 January 2013, plaintiff filed this action, seeking monetary damages and attorney’s fees. On 12 August 2013, defendant filed an answer and motion for change of venue pursuant to Rule 12(b)(3) of the North Carolina Rules of Civil Procedure, and N.C. *364 Gen. Stat. §§ 1-82 and 1-83. Defendant contended that he was a citizen of Union County, and that plaintiff was incarcerated in a prison located in Spruce Pine. Defendant asserted that since neither party resided in Harnett County, that venue in Harnett County was improper, and that the case had to be transferred from Harnett County. Defendant also moved that the case be transferred from the district court division to the superior court division, based upon plaintiff’s prayer for monetary relief.
Plaintiff served verified responses to defendant’s First Set of Interrogatories. Plaintiff was asked to list his present address, along with each address where he had lived for the last five years. Four of the five addresses listed were in Monroe, in Union County, and the fifth was the Mountain View Correctional Institution in Spruce Pine. None of these addresses were in Harnett County.
On 18 November 2013, the trial court granted defendant’s motion to transfer this action from district court to superior court. The trial court denied, without prejudice, defendant’s motion for a change of venue from Harnett County.
From the order denying his motion for change of venue, defendant appeals.
II. Standard of Review
“The general rule in North Carolina, as elsewhere, is that where a demand for removal for improper venue is timely and proper, the trial court has no discretion as to removal. The provision in N.C.G.S. § 1-83 that the court ‘may change’ the place of trial when the county designated is not the proper one has been interpreted to mean ‘must change.’ ” Miller v. Miller, 38 N.C. App. 95, 97, 247 S.E.2d 278, 279 (1978) (citations omitted).
III. Analysis
Defendant contends that the trial court erred in denying his motion for change of venue. We agree.
N.C. Gen. Stat. § 1-82 provides that, in cases such as this:
the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement, or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside; and if none of the parties reside in the State, then the action may be tried in any county which the plaintiff designates in the plaintiff’s summons and complaint, *365 subject to the power of the court to change the place of trial, in the cases provided by statute[.]
N.C. Gen. Stat. § 1-82 (2013). N.C. Gen. Stat. § 1-83 further clarifies that, upon the timely motion of defendant, the trial court may transfer venue where it is improper. See N.C. Gen. Stat. § 1-83 (2013). We have held that this change of venue is not discretionary, but rather is mandatory. Miller, 38 N.C. App. at 97, 247 S.E.2d at 279. Where venue is improper, the trial court must grant a motion for change of venue.[1]
In the instant case, the only evidence in the record that would suggest that either party was a resident of Harnett County was plaintiff’s allegation in his complaint that he was a citizen and resident of Harnett County. The complaint in this action was not verified. We have previously held that “[a]n unverified complaint is not an affidavit or other evidence.” Hill v. Hill, 11 N.C. App. 1, 10, 180 S.E.2d 424, 430 (1971). The fact that plaintiff’s complaint was signed by counsel does not render it a verified complaint. There is therefore no evidence in the record that plaintiff was a resident of Harnett County at the commencement of the underlying lawsuit.
Further, in his verified answers to defendant’s interrogatories, plaintiff stated the following:
1. State the date and place of your birth, your present address, the length of time you have lived there, and each address you have used for the last five (5) years.
ANSWER: August 4,1970
Monroe, Union County, North Carolina
Mountain View Correctional Institution, Spruce Pine, NC
1814 John Moore Road, Monroe, NC;
1813 Timberlane Drive, Monroe, NC;
2512 Doster Road, Monroe, NC
Plaintiff’s verified responses do not assert that at any time in the past five years (which covers the period of time going back to the accident) did plaintiff reside in Harnett County.
*366 We hold that, in the absence of any evidence that plaintiff resided in Harnett County, the trial court erred in denying defendant’s motion for change of venue. We vacate the trial court’s order denying the motion, and remand with instructions for the trial court to transfer this action to Union County.
VACATED AND REMANDED.
Judge HUNTER, Robert C., concurs.

. We distinguish this motion for change of venue, based upon the residency of the parties, from a discretionary motion for change of venue, based upon the convenience of the witnesses. We have held that the latter form of the motion for change of venue is subject to the trial court’s discretion, and reviewable only for an abuse of discretion. See Phillips v. Currie Mills, Inc., 24 N.C. App. 143, 144, 209 S.E.2d 886, 886 (1974).