N.C. FARM BUREAU MUT. INS. CO. v. PASCHAL

[367 N.C. 642 (2014)]

than the maximum primary insurance coverage available. The legislature never intended for UIM coverage to serve this role, providing plaintiff an excess recovery of $350,000. Rather the legislature intended for plaintiff's UIM policy to serve as a safeguard to protect plaintiff in the event the tortfeasors' liability policies failed to compensate plaintiff for injuries up to $400,000. This legislative intent is best carried out by first comparing plaintiff's UIM limits to the combined limits of all the auto policies implicated in the lawsuit. Even though the majority's holding provides "the fullest possible protection," *Pennington*, 356 N.C. at 574, 573 S.E.2d at 120, it contravenes the activation provision's requirements and the legislature's intent to reduce UIM payouts by amounts recovered from all liable parties. Accordingly, the trial court erred in requiring Farm Bureau to make the $350,000 payment. Nevertheless, were UIM coverage properly implicated, I agree with the majority that the awarding of costs and interests against the insurer is limited contractually by the terms of the insured's policy. Thus, I respectfully concur in part and dissent in part.

---

NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC. v. WADE H. PASCHAL, JR., Guardian ad litem for Harley Jessup; REGGIE JESSUP; RANDALL COLLINS JESSUP; and THURMAN JESSUP

No. 33PA14)

(Filed 19 December 2014

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ____ N.C. App. ____, 752 S.E.2d 775 (2014), affirming an order entered on 30 November 2012 and reversing and remanding an order of summary judgment entered on 6 December 2012, both by Judge G. Wayne Abernathy in Superior Court, Wake County. Heard in the Supreme Court on 18 November 2014.

*Haywood, Denny & Miller, L.L.P., by Robert E. Levin, for plaintiff-appellant.*

*Moody, Williams, Roper & Lee, LLP, by C. Todd Roper, for defendant-appellees Harley, Thurman, and Reggie Jessup.*

*Kluttz, Reamer, Hayes, Randolph, & Adkins, L.L.P., by Michael S. Adkins; and Maginnis Law, PLLC, by T. Shawn Howard, for North Carolina Advocates for Justice, amicus curiae.*

RIGGINGS HOMEOWNERS, INC. v. COASTAL RES. COMM'N

[367 N.C. 643 (2014)]

PER CURIAM.

DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED.

---

RIGGINGS HOMEOWNERS, INC., Petitioner v. COASTAL RESOURCES
COMMISSION OF THE STATE OF NORTH CAROLINA, Respondent

No. 401A13

(Filed 19 December 2014)

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 747 S.E.2d 301 (2013), affirming an order entered on 1 June 2012 by Judge Jay D. Hockenbury in Superior Court, New Hanover County. On 23 January 2014, the Supreme Court allowed respondent's petition for discretionary review of additional issues and petitioner's conditional petition for discretionary review. Heard in the Supreme Court on 6 October 2014.

*Shipman & Wright, L.L.P., by William G. Wright and Gary K. Shipman, for petitioner-appellant/appellee.*

*Roy Cooper, Attorney General, by Christine A. Goebel, Assistant Attorney General, and Mary L. Lucasse and Marc Bernstein, Special Deputy Attorneys General, for respondent-appellant/appellee.*

PER CURIAM.

Justice HUNTER took no part in the consideration or decision of this case. The remaining members of the Court are equally divided, with three members voting to affirm and three members voting to reverse the decision of the Court of Appeals. Accordingly, the decision of the Court of Appeals is left undisturbed and stands without precedential value. *See, e.g., Amward Homes, Inc. v. Town of Cary,* 365 N.C. 305, 716 S.E.2d 849 (2011).

AFFIRMED.